Filed 1/20/15  P. v. Diaz CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>MANUEL DIAZ,<br><br>　Defendant and Appellant. | 2d Crim. No. B252741<br>(Super. Ct. No. 2013016905)<br>(Ventura County) |

Under compulsion of California Supreme Court authority, we reverse an order requiring appellant to submit a blood sample for AIDS testing (Pen. Code §1202.l)[1] and remand for an evidentiary hearing.  (*People v. Butler* (2003) 3l Cal.4th `1119, 1129 (*Butler*).)  Appellant contends and respondent concedes there is insufficient evidence to support the finding that a bodily fluid capable of transmitting HIV was transferred from appellant to the victim.

Appellant, then age 30, approached the 14 year old victim, a complete stranger, and tried to kiss her.  He was unsuccessful.  Not an iota of appellant's bodily fluids came in contact with the victim.  Nevertheless, when appellant was sentenced to state prison, the trial court ordered that a sample be provided.  Appellant did not object and a blood sample for AIDS testing was taken from appellant while incarcerated in state prison. The issue, however, is not moot. (See *Butler, supra,* 31 Cal.4th at pp. 1128-1129.)

---

[1] All statutory references are to the Penal Code unless otherwise stated.

In the presenting situation, the Supreme Court has announced the appropriate remedy: "Given the significant public policy considerations at issue, we conclude that it would be inappropriate simply to strike the testing order without remanding for further proceedings to determine whether the prosecution has additional evidence that may establish the requisite probable cause. . . .  '[I]n the absence of an objection at trial, the prosecutor had no notice that such evidence would be needed to overcome a defense objection.'  Citations)  Given the serious health consequences of HIV infection, it would be unfair to both the victim and the public to permit evasion of the legislative directive of evidence exists to support a testing order."  (*Id.,* at p. 1129.)

We have no choice but to follow this explicit command from the California Supreme Court.  (*People v. Triggs* (1973) 8 Cal.3d 884, 891; *Auto Equity Sales Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455; *Cuccia v. Superior Court* (2007) 153 Cal.App. 4th 347, 353-354.)  The rules articulated and applied in these cases are well known and need not be repeated.  We read *Butler* as requiring remand and the Court of Appeal should not lightly fashion its own rule where the facts of the instant case are not fairly distinguishable from those in the Supreme Court case. (*People v. Triggs, supra,* 8 Cal.3d at p. 891. ) Thus, we respectfully follow the law.

*Sentencing Minute Order/Abstract of Judgment*

Appellant argues, and the Attorney General agrees, that the sentencing minute order and abstract of judgment should be corrected to prevent the automatic release of test results to the victim.  At the sentencing hearing, the trial court directed appellant to authorize the California Department of Public Health to release the test results to victim.   Section 1202.1, subdivision (d)(2) does not authorize the automatic transmission of test results to a victim.[2]

---

[2] Section 1202.1, subdivision (d)(2) states:  "Notwithstanding any other law, upon the victim's request, the local health officer shall be responsible for disclosing test results to the victim who requested the test and the person who was tested.  However, as specified in subdivision (g), positive test results shall not be disclosed to the victim or the person who was tested without offering or providing professional counseling appropriate to the circumstances . . . ."

2.

The sentencing minute order and abstract of judgment state that appellant has a history of drug abuse and recommend that appellant participate in counseling or an education program. (§ 1203.096.) Although counseling/educational programs were recommended in the probation report, it was not ordered. Where there is a conflict between the oral pronouncement of judgment and the minute order/abstract of judgment, the oral pronouncement of sentence as shown by the reporter's transcript controls. (*People v. Jones* (2012) 54 Cal.4th 1, 89.)

*Conclusion*

The order for AIDS testing is reversed and the matter is remanded for an evidentiary hearing. (*Butler, supra, 31 Cal.4th at p. 1129.*) The superior court clerk is directed to (1) strike the order directing the Department of Public Health to release the results of the AIDS test to the victim, (2) strike the order recommending that appellant participate in substance abuse counseling or an education program, (3) amend the November 21, 2013 sentencing minute order and abstract of judgment to reflect the above changes, and (4) forward certified copies to the Department of Corrections and Rehabilitation In all other respects the judgment of conviction and eight year prison sentence is affirmed.

NOT FOR PUBLICATION

YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

3.

Charles W. Campbell, Judge

Superior Court County of Ventura

_____

Tanya Dillaca , under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.